TROUTMAN SANDERS LLP
  Terrence R. McInnis (State Bar No. 155416)
  James A. Hazlehurst (State Bar No. 257711)
5 Park Plaza, Suite 1400
Irvine, California 92614-2545
Telephone: (949) 622-2700
Facsimile: (949) 622-2739
terrence.mcinnis@troutman.com
james.hazlehurst@troutman.com
*Attorneys for Plaintiff/Counter-Defendant*
Houston Casualty Company

HALPERN MAY YBARRA GELBERG LLP
  Marc D. Halpern (State Bar No. 216426)
  Vincent H. Herron (State Bar No. 172290)
  Douglas J. Brown (State Bar No. 248673)
600 West Broadway, Suite 1060
San Diego, California 92101
Telephone: (619) 618-7000
Facsimile: (619) 618-7001
marc.halpern@halpernmay.com
vincent.herron@halpernmay.com
douglas.brown@halpernmay.com
*Attorneys for Defendant/Counterclaimant*
Cibus US LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Houston Casualty Company, | Case No.: 3:19-CV-00828-BAS-LL |
| *Plaintiff/Counter-Defendant*, | **Joint Motion To Amend Scheduling Order** |
| v. | |
| Cibus US LLC, | Action Filed: May 10, 2019 |
| *Defendant/Counterclaimant*. | |

|   |   |
|---|---|
| 1 | Plaintiff/counter-defendant Houston Casualty Company ("HCC") and defendant/counterclaimant Cibus US LLC ("Cibus"), jointly request that the Court modify the Scheduling Order Regulating Discovery And Other Pre-Trial Proceedings (the "Scheduling Order") [Doc. No. 15] in accordance with the following stipulated schedule. The parties make this request due to the heavy volume of discovery, and in particular electronic discovery, combined with significant burdens and delays in completing that process imposed by the unique COVID-19 pandemic situation. |

WHEREAS, this is an insurance coverage action regarding claims made by certain farmer customers of Cibus;

WHEREAS, HCC has alleged a variety of coverage defenses under the subject policy (the "Policy") and Cibus has asserted counterclaims;

WHEREAS, the original fact discovery cut-off was set at July 1, 2020, and neither party has not previously requested any extension of this deadline;

WHEREAS, before the outbreak of the COVID-19 pandemic, the parties propounded document requests on one another (*See* concurrently filed Declaration of Terrence McInnis ("McInnis Dec."), ¶ 2, Ex. "A");

WHEREAS, the parties immediately commenced diligent work on fulfilling their discovery obligations and trying to assemble and complete their productions (*See* McInnis Dec., ¶¶ 3-11); HCC was able to complete its initial document production, which totaled approximately four thousand pages; meanwhile the document discovery that HCC propounded on Cibus seeks a far greater volume of documents concerning Cibus' operations, finances, and the underlying claims, among other things, including Cibus' communications with and reports from its defense counsel regarding the underlying claims, communications between Cibus and other insurers , communications between Cibus and the growers, Cibus' sales records for a number of years, documents supporting damages Cibus is alleging in its counterclaim, and Cibus' financial statements for a number of years;

WHEREAS, Cibus has made multiple document productions to date, but Cibus' search efforts have identified an additional over 50,000 documents that still require review (See concurrently filed Declaration of Rosa Cheuk Kim ("Kim Dec."), ¶ 5);

WHEREAS, Cibus offices in San Diego and elsewhere in North America have been closed for over two months due to the COVID-19 pandemic, and Cibus employees involved in its document production efforts have also been subject to various local orders that have limited their productivity and access to necessary information in being able to complete the production (See Kim Dec., ¶ 6);

WHEREAS, these circumstances have unfortunately dramatically complicated and slowed Cibus' ability to identify and gather the full set of documents responsive to HCC's document requests; specifically, although Cibus personnel have been able to remotely identify and gather certain responsive documents, which Cibus has produced, Cibus' office closure has restricted the ability of its information technology staff to identify and gather the voluminous emails responsive to HCC's requests, which span the accounts of several Cibus personnel and are estimated to exceed 90 GB of material (See Kim Dec., ¶ 5);

WHEREAS, throughout the COVID-19 pandemic, Cibus has produced and will continue to produce responsive documents as they are identified, on a rolling basis; nonetheless, despite its best efforts, Cibus does not anticipate it will be able to complete its production until approximately mid-August (See Kim Dec., ¶ 7);

WHEREAS, these delays in document production have resulted in necessary delays to the parties' ability to conduct depositions (which they plan to conduct remotely if needed following document discovery) and expert discovery (See McInnis Dec., ¶¶ 12-13);

WHEREAS, the parties believe that a one hundred and twenty (120) day extension of the discovery cut-off date is necessary and desirable to ensure adequate time for the parties to complete relevant discovery;

WHEREAS, for these reasons, good cause exists to extend the discover cut-off dates by one hundred and twenty (120) days;

WHEREAS, for these same reasons, the parties believe that all other case deadlines should likewise be extended by one hundred and twenty (120) days[1] to conform the case schedule to the discovery cut-off dates, including a continuance of the trial date from February 2, 2021 at 9:00 a.m. to June 2, 2021 at 9:00 a.m, or a date to be determined by the Court at its convenience; and

WHEREAS, the parties previously requested a 60-day extension of expert discovery deadlines, without impact to any of the other original deadlines, in order to defer costly expert discovery and testimony until after the parties will have had an opportunity to further address settlement with the benefit of full fact discovery. The Court granted this request. [Doc. No. 17] To date, the parties have not made any other requests for extensions, and had been hoping to forge ahead without any such request; however, that just no longer seems possible.

WHEREAS, the parties met and conferred telephonically on April 7, 2020 and again on May 11, 2020 regarding the issue set forth above.

IT IS HEREBY STIPULATED AND AGREED AND JOINTLY REQUESTED, by and between the parties hereto, that the Court modify the Scheduling Order as follows:

1. **Expert Designations and Disclosures**: The May 1, 2020 deadlines in paragraphs 5 and 6 of the Scheduling Order, currently June 30, 2020 per the Court's Order Extending Expert Discovery Deadlines, be extended to October 28, 2020;

---

[1] The parties agree that if the case deadlines and hearing dates are extended in accordance with this stipulation and a new deadline or hearing date is a Saturday, Sunday, or a legal holiday, the new deadline or hearing date will be the preceding day that is not a Saturday, Sunday, or legal holiday.

3

2. **Rebuttal Expert Designations and Disclosures**: The June 1, 2020 deadlines in paragraphs 5 and 6 of the Scheduling Order, currently July 31, 2020 per the Court's Order Extending Expert Discovery Deadlines, be extended to November 25, 2020; and

3. **Expert Discovery Cut-Off**: The July 1, 2020 deadline in paragraph 7 of the Scheduling Order, currently August 31, 2020 as to expert discovery per the Court's Order Extending Expert Discovery Deadlines, be extended to December 29, 2020 as to expert discovery only.

4. **Fact Discovery Cut-Off**: The July 1, 2020 deadline, set forth in paragraph 7 of Scheduling Order, be extended to October 29, 2020 as to fact discovery.

5. **Motion Cut-Off**: The August 3, 2020 deadline, set forth in paragraph 8 of the Scheduling Order, be extended to December 1, 2020.

6. **Mandatory Settlement Conference**: The September 1, 2020 at 1:30 p.m. date for the Mandatory Settlement Conference, set forth in paragraph 10 of the Scheduling Order, be continued to January 5, 2021.

7. **Confidential Settlement Statement Deadline**: The August 24, 2020 deadline for confidential settlement statements, set forth in paragraph 10(c) of the Scheduling Order, be extended to December 22, 2020.

8. **Pretrial Disclosures**: The October 27, 2020 deadline to comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3), set forth in paragraph 11 of the Scheduling Order, be extended to February 24, 2021.

9. **Statement Re: Further Settlement Conference**: The October 27, 2020 deadline for the parties to submit a joint statement regarding their willingness to participate in another settlement conference, set forth in paragraph 12 of the Scheduling Order, be extended to February 24, 2021.

10. **Memoranda of Contentions of Fact and Law**: The October 27, 2020 deadline for the parties to file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1.f.2, set forth in paragraph 13 of the Scheduling Order, be extended to February 24, 2021.

11. **Compliance with Local Rule 16.1.f.4.a**: The November 3, 2020 deadline for counsel to confer and take the action required by Local Rule 16.1.f.4.a, set forth in paragraph 14 of the Scheduling Order, be extended to March 3, 2021.

12. **Exchange of Proposed Pretrial Order**: The November 10, 2020 deadline for counsel for the plaintiff to provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a, set forth in paragraph 15 of the Scheduling Order, be extended to March 10, 2021.

13. **Lodging of Proposed Pretrial Order**: The November 17, 2020 deadline for the proposed pretrial order to be lodged with the district judge's chambers, set forth in paragraph 16 of the Scheduling Order, be extended to March 17, 2021.

14. **Final Pretrial Conference**: The November 30, 2020 at 11:00 a.m. date for the final Pretrial Conference, set forth in paragraph 17 of the Scheduling Order, be continued to March 30, 2021 at 11:00 a.m.

15. **Deadline for Motions *In Limine***: The December 15, 2020 deadline for motions *in limine*, set forth in paragraph 18 of the Scheduling Order, be extended to April 14, 2021.

16. **Responses to Motions *In Limine***: The December 29, 2020 deadline for responses to motions *in limine*, set forth in paragraph 19 of the Scheduling Order, be extended to March 29, 2021.

17. **Pretrial Submissions**: The December 29, 2020 deadline for the parties to submit (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; and (4) statement of the case, set forth in paragraph 20 of the Scheduling Order, be extended to April 28, 2021.

18. **Exchange of Exhibit and Witness Lists**: The January 13, 2021 deadline for the parties to exchange final exhibit and witness lists, set forth in paragraph 21 of the Scheduling Order, be extended to May 13, 2021.

19. **Hearing for Motions *In Limine***: The January 25, 2021 at 10:30 a.m. date for hearing on motions *in limine*, set forth in paragraph 22 of the Scheduling Order, be continued to May 25, 2021 at 10:30 a.m.

20. **Trial Date**: The February 2, 2021 at 9:00 a.m. trial date, set forth in paragraph 23 of the Scheduling Order, be continued to June 2, 2021 at 9:00 a.m.

**Signature Attestation**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to counsel for the plaintiff/counter-defendant and that I have obtained authorization from Terrence R. McInnis to affix his electronic signature to this document.

IT IS SO STIPULATED.

Dated: June 12, 2020                    Respectfully Submitted,

                                  HALPERN MAY YBARRA GELBERG LLP
                                      Marc D. Halpern
                                      Vincent H. Herron
                                      Douglas J. Brown

                                By */s/ Marc D. Halpern*
                                      Marc D. Halpern
                                      Counsel for Defendant and Counterclaimant
                                      Cibus US LLC

                                TROUTMAN SANDERS LLP
                                      Terrence R. McInnis
                                      James A. Hazlehurst

                                By */s/ Terrence R. McInnis*
                                      Terrence R. McInnis
                                      Counsel for Plaintiff and Counter-defendant
                                      Houston Casualty Company