1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>                                              Plaintiff,<br><br>v.<br><br>CIBUS US LLC,<br><br>                                              Defendant. | Case No.: 19cv828-BAS-LL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 23]** |

17

18

19

20

21

22

23

24

        Currently before the Court is the Parties' "Joint Motion to Amend Scheduling Order." ECF No. 23. The Parties request a 120-day extension of all remaining pre-trial deadlines. Id. at 4. In support, the Parties state Defendant's offices in San Diego and North America "have been closed for over two months due to the COVID-19 pandemic" and employees in these offices "have been subject to various local orders that have limited their productivity and access to necessary information" which has decreased Defendant's ability to "identify and gather the full set of documents" responsive to Plaintiff's document requests. Id. at 3.

25

26

27

28

        Defendant specifically notes that further responsive documents may include "voluminous" e-mails "which span the accounts of several" employees "and are estimated to exceed 90 GB of material." Id. Defendant additionally states it has identified over 50,000 separate documents that still require review. Id. Given the above, Defendant states it "does

1

1
2
3
4

not anticipate" being able to complete its document production until "approximately mid-August" and the Parties therefore request an 120-day extension in order to facilitate their ability to conduct depositions and expert discovery. Id. This is the Parties' second request to continue deadlines in this case. See ECF Nos. 21, 22.

5

## ANALYSIS

6
7
8
9
10
11
12

Once a Rule 16 scheduling order is issued, the dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 15 at 7 ("The dates and times set forth herein will not be modified except for good cause shown."). The Rule 16 good cause standard primarily focuses on the diligence of the moving party. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. If the moving party "was not diligent, the inquiry should end." Id.

13
14
15
16

Here, the Court does not find good cause to extend the pre-trial deadlines for the length of time requested. From the record, Plaintiff propounded its First Set of Requests for Production on January 16, 2020. See ECF No. 23-2 at 2. Plaintiff propounded a Second Set of Requests for Production on March 25, 2020. Id.

17
18
19
20
21
22

Defendant therefore appears to have had over six months to gather documents in response to Plaintiff's First Set of RFPs and almost three months to gather documents in response to Plaintiff's Second Set of RFPs. Although the Court is sympathetic to logistical issues Defendant may have encountered given the current COVID-19 public health emergency, the Court is unable to determine how this emergency fully accounts for Defendant's inability to complete its document productions within the Court's deadline.

23
24
25
26
27

The Court is also not particularly reassured by Defendant's current representation that despite its "best efforts" it does not "anticipate" being able to complete its document production until "approximately" mid-August. ECF No. 23-1 at 2. A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Court is mindful however that the procedural rules governing civil actions are to be construed to achieve the just determination of every action. <u>See</u> Fed. R. Civ. P. 1; <u>Rodgers v. Watt</u>, 722 F.2d 456, 459 (9th Cir. 1983) ("It is well settled that the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." ).

In balance, in order to effectuate the general purpose of seeing that this case is decided on the merits, the Court **GRANTS IN PART** and **DENIES IN PART** the Parties' Joint Motion as follows:

| | **Current Date** | **New Date** |
|---|---|---|
| Fact Discovery Deadline | July 1, 2020 | August 31, 2020 |
| Plaintiff's Expert Designations/ Defendant's Expert Designations | June 30, 2020 | August 28, 2020 |
| Supplemental Expert Designations | July 31, 2020 | September 29, 2020 |
| Expert Disclosures | June 30, 2020 | August 28, 2020 |
| Rebuttal Expert Disclosures | July 31, 2020 | September 29, 2020 |
| Expert Discovery | August 31, 2020 | October 30, 2020 |
| Pretrial Motions | September 30, 2020 | November 30, 2020 |
| Mandatory Settlement Conference | September 22, 2020 at 1:30 p.m. | December 16, 2020 at 9:30 a.m. |
| Mandatory Settlement Conference Briefs | September 11, 2020 | December 7, 2020 |
| Pretrial Disclosures | December 28, 2020 | February 22, 2021 |
| Memorandum of Contentions of Fact and Law | December 28, 2020 | February 22, 2021 |

19cv828-BAS-LL

| | | |
|---|---|---|
| Local Rule 16.1.f.4.a Requirements | January 4, 2021 | March 1, 2021 |
| Proposed Pretrial Order | January 11, 2021 | March 8, 2021 |
| Lodging of Pretrial Order | January 19, 2021 | March 15, 2021 |
| Pretrial Conference | February 1, 2021 at 11:00 a.m. | March 29, 2021 at 11:00 a.m. |
| Motions in Limine | February 15, 2021 | April 12, 2021 |
| Responses to Motions in Limine | March 1, 2021 | April 26, 2021 |
| Trial Documents Deadline | March 1, 2021 | April 26, 2021 |
| Final Exhibit and Witness Lists | March 15, 2021 | May 18, 2021 |
| Motions in Limine Hearing | March 22, 2021 at 10:30 a.m. | May 17, 2021 at 10:30 a.m. |
| Trial | March 30, 2021 at 9:00 a.m. | May 25, 2021 at 9:00 a.m. |

**The Parties are advised that no further extensions will be granted absent exceptional circumstances.**

**IT IS SO ORDERED.**

Dated:  June 22, 2020

_____

Honorable Linda Lopez
United States Magistrate Judge

4

19cv828-BAS-LL