# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CIBUS US LLC,<br><br>　　　　　　　　　Defendant.<br><br>And Related Counterclaim | Case No. 19-cv-00828-BAS-LL<br><br>**ORDER RE: PARTIES' EIGHT MOTIONS TO SEAL**<br><br>**(ECF Nos. 35, 41, 44, 54, 57, 64, 66, 74)** |

　　　This case is an insurance coverage dispute between Houston Casualty Company ("HCC") and Cibus US LLC ("Cibus"). Cibus is a company that develops seeds for crops, including hybrid canola plants. Cibus developed its canola hybrids to be tolerant of a specific herbicide. It then sold seeds to commercial growers. But after some of those growers applied herbicide, their canola hybrids suffered more phytotoxicity—plant damage—than expected. Cibus turned to HCC, its insurer, to cover the growers' losses under an errors and omissions policy. HCC paid out the maximum of its policy with Cibus subject to the right to seek reimbursement. The insurer then sued, seeking a determination that its policy did not cover the growers' crop injuries.

Pending before the Court are several pretrial motions, including a motion to bifurcate, cross-motions for summary judgment, and motions to exclude experts. As part of these motions, HCC and Cibus have filed eight motions to seal. All the sealing motions are unopposed.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination,

or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing Foltz, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## STANDING ORDER FOR CIVIL CASES

Consistent with the presumptive right of public access to court records, this Court's Standing Order for Civil Cases provides:

> The Court may seal documents to protect sensitive information, however, the documents to be filed under seal will be limited by the Court to only those documents, or portions thereof, necessary to protect such sensitive information.
>
> Parties seeking a sealing order must provide the Court with: (1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure. The standard for filing documents under seal will be strictly applied.
>
> . . . .
>
> The fact that both sides agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing.

(Standing Order ¶ 5.)

## ANALYSIS

**I.     HCC's Motion to Seal (ECF No. 35)**

HCC moves to seal portions of:

1. Its Summary Judgment Motion;
2. Exhibits B through H, J through O, Q, S, U, W through GG, II, and KK to the Summary Judgment Motion;
3. Its *Daubert* Motion to Exclude or Limit the Expert Testimony of Jim Radtke; and
4. Exhibits E, G, H through N, and Q through U to the *Daubert* Motion.

1  (ECF No. 35.)  Altogether, HCC lodges under seal about 1,100 pages of documents.  For
2  one exhibit, Exhibit GG, HCC argues the document is subject to the attorney-client
3  privilege, and therefore compelling reasons exist for sealing.  HCC explains that the
4  remaining redacted content

> references documents that Cibus designated as CONFIDENTIAL pursuant to the parties' Stipulated Protective Order and/or contain private information of third parties. The Stipulated Protective Order requires the parties to treat the documents in accordance with the designation until the Court rules on any objections. However, by submitting this Application, HCC does not concede that any documents designated by Cibus that are the subject of this Application are in fact Confidential.

(*Id.* (citation omitted).)  Therefore, these documents are ones where Cibus is the proponent of keeping them secret, but the Court lacks support for doing so beyond the Stipulated Protected Order.  And as the Court's Standing Order states: "The fact that both sides agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing."

Accordingly, the Court needs more information to determine whether sealing these items is appropriate.  The Court orders Cibus to file a response to HCC's Motion to Seal (ECF No. 35) that explains why there are compelling reasons to seal information Cibus designated as confidential.  For instance, if Cibus claims the documents are "sources of business information that might harm [its] competitive standing," it must explain why. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598).  Further, if Cibus intends to rely on this rationale, it must explain why the release of information that is now at least several years old would harm its competitive standing going forward.

Cibus must also include with its response supporting evidence, e.g., a declaration from one of its employees, that includes facts that demonstrate compelling reasons for sealing.  And it must tailor its response to each document at issue.  For example, one document lodged under seal is a slideshow from a Cibus sales webinar. (Ex. H.)  Most of the presentation is redacted, but it is unlikely that there are compelling reasons to seal all of this information.  As another example, the Rule 30(b)(6) deposition of a Cibus employee,

Peter Beetham, is similarly redacted. All of his testimony is not subject to sealing. Once the Court reviews Cibus's response, it will resolve HCC's Motion to Seal, including HCC's proposed redactions to its memoranda (ECF No. 35).

## II. Cibus's Motion to Seal (ECF No. 41)

Cibus moves to seal unredacted versions of Exhibits F, G, and H to the Declaration of Douglas J. Brown filed in support of Cibus's Motion for Partial Summary Judgment (ECF No. 40). (ECF No. 41.) The redacted information is the names and addresses of the company's commercial customers who participated in the canola hybrid program. Cibus supports its claim with a declaration from its outside counsel that cites to the Stipulated Protective Order. (ECF No. 4-1.) While this information may be sealable, Cibus needs to support its motion with competent evidence and connect the dots for the Court. *See* Fed R. 602 (requiring a witness to have personal knowledge). Therefore, the Court orders Cibus to file a supplemental response in support of its Motion to Seal (ECF No. 41).

## III. Cibus's Motion to Seal (ECF No. 44)

Cibus moves to seal an unredacted version of Exhibit A to the Declaration of Douglas J. Brown filed in support of Cibus's Motion to Exclude the Expert Opinion of Jerry L. Cass (ECF No. 43). (ECF No. 44.) This request seeks to seal the same type of information as Cibus's Motion to Seal (ECF No. 41) discussed above. The analysis is identical. Therefore, the Court orders Cibus to file a supplemental response in support of its Motion to Seal (ECF No. 44).

## IV. HCC's Motion to Seal (ECF No. 54)

HCC moves to seal Exhibits C, D, and E to its Reply in support of HCC's *Daubert* Motion to Exclude or Limit the Expert Testimony of Jim Radtke (ECF No. 38). (ECF No. 54.) HCC supports this request in the same way as above. It cites the Stipulated Protective Order and notes the material lodged under seal references or consists of documents that Cibus designated confidential. (*Id.*) Therefore, like above, the Court orders Cibus to file a response to HCC's Motion to Seal (ECF No. 54) that explains why there are compelling reasons to seal the information Cibus designated as confidential.

## V. Cibus's Motion to Seal (ECF No. 57)

Cibus moves to seal unredacted versions of Exhibit E and Exhibit F to the Declaration of Douglas J. Brown filed in support of Cibus's Opposition to HCC's Motion to Exclude or Limit The Expert Testimony of Denise Schmidt and Christopher French (ECF No. 56). (ECF No. 57.) Like above, Cibus argues the information to be filed under seal is customer information that could harm the company's commercial standing if released. While this information may be sealable, Cibus needs to support its motion with competent evidence and connect the dots for the Court. *See* Fed R. 602. Therefore, the Court orders Cibus to file a supplemental response in support of its Motion to Seal (ECF No. 57).

## VI. HCC's Motion to Seal (ECF No. 64)

HCC moves to seal Exhibits PP through VV to its Opposition to Cibus's Motion for Partial Summary Judgment (ECF No. 62). (ECF No. 64.) HCC supports this request in the same way as above. It cites the Stipulated Protective Order and notes the material lodged under seal references or consists of documents that Cibus designated confidential. (*Id.*) Therefore, like above, the Court orders Cibus to file a response to HCC's Motion to Seal (ECF No. 64) that explains why there are compelling reasons to seal the information Cibus designated as confidential.

## VII. Cibus's Motion to Seal (ECF No. 66)

Cibus moves to seal unredacted versions of Exhibit C and Exhibit E to the Declaration of Douglas J. Brown filed in connection with Cibus's Opposition to HCC's Motion for Summary Judgment (ECF No. 63). (ECF No. 66.) Like above, Cibus argues the information to be filed under seal is customer information that could harm the company's commercial standing if released. While this information may be sealable, Cibus needs to support its motion with competent evidence and connect the dots for the Court. *See* Fed R. 602. Therefore, the Court orders Cibus to file a supplemental response in support of its Motion to Seal (ECF No. 66).

**VIII. HCC's Motion to Seal (ECF No. 71)**

HCC moves to seal Exhibits YY, AAA, and BBB to HCC's Reply in Support of Its Motion for Summary Judgment. (ECF No. 71.) HCC supports this request in the same way as its Motion to Seal (ECF No. 35) discussed above. It cites the Stipulated Protective Order and notes the material lodged under seal references or consists of documents that Cibus designated confidential. (ECF No. 71.) Therefore, like above, the Court orders Cibus to file a response to HCC's Motion to Seal (ECF No. 71) that explains why there are compelling reasons to seal the information Cibus designated as confidential.

## CONCLUSION

In light of the foregoing, the Court needs more information to apply the sealing standard and resolve the parties' eight motions to seal. Cibus shall file the responses ordered above no later than **Friday, September 3, 2021**.

IT IS SO ORDERED.

DATED: August 18, 2021

Hon. Cynthia Bashant
United States District Judge