UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HOUSTON CASUALTY COMPANY, | Case No. 19-cv-00828-BAS-LL |
|---|---|
| Plaintiff, | |
| v. | **ORDER ON MOTIONS TO SEAL** |
| CIBUS US LLC, | |
| Defendant. | **(ECF Nos. 35, 41, 44, 54, 57, 64, 66, 74)** |
| And Related Counterclaim | |

This case is an insurance coverage dispute between Houston Casualty Company ("HCC") and Cibus US LLC ("Cibus"). Cibus is a company that develops seeds for crops, including hybrid canola plants. Cibus developed its canola hybrids to be tolerant of a specific herbicide. It then sold seeds to commercial growers. But after some of those growers applied herbicide, their canola hybrids suffered more phytotoxicity—plant damage—than expected. Cibus turned to HCC, its insurer, to cover the growers' losses under an errors and omissions policy. HCC paid out the maximum of its policy with Cibus subject to the right to seek reimbursement. The insurer then sued, seeking a determination that its policy did not cover the growers' crop injuries.

The parties filed several motions, including a motion to bifurcate, cross-motions for summary judgment, and motions to exclude experts. The Court resolved several of these motions at oral argument, but other motions remain pending. And as part of these motions, HCC and Cibus filed eight motions to seal. All the sealing motions were unopposed. After reviewing the motions, the Court determined it needed more information from Cibus to apply the sealing standard. (ECF No. 79.) Cibus filed a response to the Court's order, including two supporting declarations from employees and proposed redactions to many of the exhibits lodged under seal. (Resp. to Order, ECF No. 82.) Hence, the Court now resolves the sealing motions.

## LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing Foltz, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## STANDING ORDER FOR CIVIL CASES

Consistent with the presumptive right of public access to court records, this Court's Standing Order for Civil Cases provides:

> The Court may seal documents to protect sensitive information, however, the documents to be filed under seal will be limited by the Court to only those documents, or portions thereof, necessary to protect such sensitive information.
>
> Parties seeking a sealing order must provide the Court with: (1) a specific description of particular documents or categories of documents they need to protect; and (2) declarations showing a compelling reason or good cause to protect those documents from disclosure. The standard for filing documents under seal will be strictly applied.
>
> . . . .
>
> The fact that both sides agree to seal or that a protective order was issued at the onset of the case alone is insufficient cause for sealing.

(Standing Order ¶ 5.)

//
//
//

# ANALYSIS

## I. HCC's Motion to Seal (ECF No. 35)

HCC moves to seal portions of:

1. Its Summary Judgment Motion;
2. Exhibits B through H, J through O, Q, S, U, W through GG, II, and KK to the Summary Judgment Motion;
3. Its *Daubert* Motion to Exclude or Limit the Expert Testimony of Dr. Jim Radtke; and
4. Exhibits E, G, H through N, and Q through U to the *Daubert* Motion.

(ECF No. 35.)  As the Court noted, many of these documents are items where Cibus was the proponent of keeping them secret under the parties' stipulated protective order.

<u>Summary Judgment Motion</u>.  Cibus "does not contend that HCC's brief requires redaction, with the exception of those portions redacted on page 13, lines 17 through 20; and page 19, line 16 through page 20, line 4, which contain attorney-client privileged information." (Resp. to Order 2.)  The Court agrees. *See Guidiville Rancheria of Cal. v. United States*, No. 12-cv-1326, 2013 WL 6571945, at *9 (N. D. Cal. Dec. 13, 2013) ("[T]he attorney-client privilege . . . establishes compelling reasons for sealing."). *Accordingly, the Court directs HCC to file a revised copy of its summary judgment brief on the docket as part of a "Notice Regarding Exhibit Attachment" that links to HCC's Motion for Summary Judgment and only redacts the attorney-client privilege information.*  Relatedly, Exhibit GG is the source of the attorney-client privileged information mentioned in HCC's brief.  Thus, the Court finds retaining under seal the redacted portions of this exhibit is appropriate.

For Exhibit B to HCC's Summary Judgment Motion, a deposition of Cibus's Dr. Jim Radtke, Cibus proposes more limited redactions regarding the parentage of Cibus's canola hybrids and their development process.  Cibus argues sealing this information is appropriate because it meets the definition of a trade secret and releasing the information could harm its competitive standing.  (Resp. to Order 3–5.)  The company submits a

supporting declaration from Dr. Radtke. (ECF No. 82-2.) The Court is satisfied that there are compelling reasons to seal this information in an insurance coverage dispute. *See Kamakana*, 447 F.3d at 1179. Given Cibus's revised, redacted version is already on the docket, no further action is necessary. The Court reaches the same conclusion for Exhibit E to HCC's Summary Judgment Motion, which contains similar information from Dr. Radtke's deposition. No revised version is needed for this item. Finally, the Court reaches the same conclusion for Exhibit L, which again involves developmental materials concerning Cibus's hybrids. As Cibus has filed a revised version of this item with redactions, no further action is necessary.

For Exhibit C to HCC's Summary Judgment Motion, Cibus "does not contend that this exhibit need remain under seal." (Resp. to Order 5.) Cibus states the same for Exhibit G, Exhibit H, Exhibit M, Exhibit N, Exhibit O, Exhibit S, Exhibit U, Exhibit W, and Exhibit II. *Hence, the Court directs HCC to file unredacted copies of these exhibits as part of the Notice Regarding Exhibit Attachment mentioned above.*

For Exhibit D, this item is a monthly report to Cibus's Board of Directors that describes the status of various business initiatives and research and development efforts across Cibus. HCC relies on one paragraph of this report for its Summary Judgment Motion. Cibus "does not contend that the entirety of this exhibit, or this cited portion of the exhibit," should stay sealed. (Resp. to Order 6.) Cibus argues, however, that "because other portions of this report—all of which have no bearing on the merits of this case—contain sensitive and confidential business information, the Court should allow them to be redacted." (*Id.*) Cibus provides a supporting declaration from a member of its senior management team (ECF No. 82-1) and proposed redactions. The Court finds Cibus meets the burden to show this information should be sealed. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (noting compelling reasons exist when records "might be used . . . 'as sources of business information that might harm a litigant's competitive standing'" (quoting *Nixon*, 435 U.S. at 598)). Given Cibus's redacted version is already on the docket, no further action is necessary. The Court reaches the same conclusion for Exhibit K, which involves

similar information. Again, no further action is necessary in light of Cibus filing the exhibit with limited redactions.

For Exhibit F, this item has limited redactions to conceal the identities of Cibus's customers who are not parties to this action. Cibus argues the identities of these customers are not generally known to the public and those customers have an interest in maintaining their privacy. Further, the company contends its customers' identities are inconsequential to the merits of this insurance coverage dispute, substantially attenuating the need for public access. (Resp. to Order 8.) These redactions are narrowly tailored, and the Court agrees that the identifying information of Cibus's customers is inconsequential to the merits of this coverage dispute. Hence, the Court will maintain this information under seal, and no further action is necessary. Several other exhibits have narrow redactions to conceal the personal information of individuals or the identities of Cibus's customers. Under the same reasoning, the Court finds it appropriate to seal those parts of Exhibit J, Exhibit Q, Exhibit X, Exhibit Y, Exhibit Z, Exhibit AA, Exhibit BB, Exhibit CC, Exhibit DD, Exhibit EE, Exhibit FF, and Exhibit KK. No further action is needed for these exhibits.

*Daubert* Motion–Dr. Radtke. Starting with the redactions to HCC's brief, Cibus says the brief does not require redaction, "with the exception of those portions redacted on page 7, lines 14 through page 8, line 1; and page 8, footnote 7 (lines 27 through 28), which set forth the quantitative results of Cibus's trials on its canola hybrids, and page 11, footnote 12 (lines 26 through 28), which sets forth the parentage of Cibus' C5507 and C5522 canola hybrids." (Resp. to Order 17–18.) Like above, Cibus argues there are compelling reasons to seal its proprietary information concerning the design and testing of its canola hybrids. The Court agrees. *Accordingly, the Court directs HCC to file a revised copy of its brief on the docket as part of a "Notice Regarding Exhibit Attachment" that links to HCC's Dr. Radtke Daubert Motion and only redacts the information that Cibus requests remain under seal.*

For Exhibit E to the Dr. Radtke *Daubert* Motion, Cibus "does not contend that this exhibit need remain under seal." (Resp. to Order 18.) Cibus states the same for Exhibit G,

Exhibit J, Exhibit M, Exhibit N, and Exhibit Q.  (*Id.* 18–20.)  *Hence, the Court directs HCC to file unredacted copies of these exhibits as part of the Notice Regarding Exhibit Attachment for this Motion mentioned above.*

For Exhibit H, which contains excerpts of the deposition of Dr. Radtke, Cibus contends redactions are not warranted except those portions regarding Cibus's development process for its canola hybrids and its trials on the hybrids.  (Resp. to Order 18–19.)  For the same reasons as above, the Court finds sealing this information is appropriate and accepts Cibus's proposed redactions.  As this revised version is already on the docket, no further action is necessary.  The same holds true for several other exhibits where Cibus submits proposed redactions concerning the quantitative results of its trials for its hybrids or the company's design process.  These are Exhibit I, Exhibit K, Exhibit L, Exhibit R, Exhibit S, Exhibit T, and Exhibit U.  Again, as Cibus has already filed revised versions of these documents, no further action is necessary.

Thus, the Court grants in part and denies in part HCC's Motion to Seal (ECF No. 35).

## II.    Cibus's Motion to Seal (ECF No. 41)

Cibus moves to seal unredacted versions of Exhibits F, G, and H to the Declaration of Douglas J. Brown filed in support of Cibus's Motion for Partial Summary Judgment (ECF No. 40). (ECF No. 41.)  The redacted information is the names and addresses of the company's commercial customers who participated in the canola hybrid program.  The Court previously recognized this information may be sealable but requested Cibus support its motion with evidence.  Cibus now has done so in connection with the items discussed above that concern the same information.  The Court finds sealing this information is appropriate for the same reasons.  Hence, the Court grants Cibus's Motion to Seal (ECF No. 41).

## III.    Cibus's Motion to Seal (ECF No. 44)

Cibus moves to seal an unredacted version of Exhibit A to the Declaration of Douglas J. Brown filed in support of Cibus's Motion to Exclude the Expert Opinion of

Jerry L. Cass (ECF No. 43). (ECF No. 44.) This request seeks to seal the same type of information as Cibus's Motion to Seal (ECF No. 41) discussed immediately above. The analysis is identical. The Court likewise now grants this Motion to Seal (ECF No. 44).

## IV. HCC's Motion to Seal (ECF No. 54)

HCC moves to seal Exhibits C, D, and E to its Reply in support of HCC's Dr. Radtke *Daubert* Motion (ECF No. 38). (ECF No. 54.) Cibus responds by proposing narrow redactions to the same kind of information the Court found appropriate to seal above for items attached to HCC's moving papers. The Court reaches the same conclusion here, and no further action is necessary because Cibus has already filed revised versions of these documents. Therefore, the Court grants in part and denies in part this Motion to Seal (ECF No. 54).

## V. Cibus's Motion to Seal (ECF No. 57)

Cibus moves to seal unredacted versions of Exhibit E and Exhibit F to the Declaration of Douglas J. Brown filed in support of Cibus's Opposition to HCC's Motion to Exclude or Limit The Expert Testimony of Denise Schmidt and Christopher French (ECF No. 56). (ECF No. 57.) Like above, this request concerns limited information about Cibus's customers. In light of Cibus augmenting its request, the Court will maintain this information under seal and therefore grants Cibus's Motion to Seal (ECF No. 57).

## VI. HCC's Motion to Seal (ECF No. 64)

HCC moves to seal Exhibits PP through VV to its Opposition to Cibus's Motion for Partial Summary Judgment (ECF No. 62). (ECF No. 64.) Cibus responds that Exhibit PP, Exhibit QQ, Exhibit RR, Exhibit SS, Exhibit UU, and Exhibit VV contain commercially sensitive information concerning the design and testing of its canola hybrids. (Resp. to Order 24–27.) Cibus submits proposed redactions that are narrowly tailored to this information. The Court again finds sealing this information is appropriate, and no further action is necessary because Cibus has filed revised versions of these documents.

As to Exhibit TT, "Cibus does not contend that this exhibit need remain under seal." (Resp. to Order 26.) *Hence, the Court directs HCC to file an unredacted copy of this*

*exhibit as a Notice Regarding Exhibit Attachment to its Opposition to Cibus's Motion for Partial Summary Judgment (ECF No. 62).* Accordingly, the Court grants in part and denies in part HCC's Motion to Seal (ECF No. 64).

**VII. Cibus's Motion to Seal (ECF No. 66)**

Cibus moves to seal unredacted versions of Exhibit C and Exhibit E to the Declaration of Douglas J. Brown filed in connection with Cibus's Opposition to HCC's Motion for Summary Judgment (ECF No. 63). (ECF No. 66.) Again like above, this request concerns limited information about Cibus's customers. In light of Cibus augmenting its request, the Court will maintain this information under seal and hence grants Cibus's Motion to Seal (ECF No. 66).

**VIII. HCC's Motion to Seal (ECF No. 74)**

HCC moves to seal Exhibits YY, AAA, and BBB to HCC's Reply in Support of Its Motion for Summary Judgment (ECF No. 71). (ECF No. 74.) Cibus responds that Exhibit AAA need not remain under seal. (Resp. to Order 28.) *Hence, the Court directs HCC to file an unredacted copy of this exhibit as a Notice Regarding Exhibit Attachment to its Reply in Support of Its Motion for Summary Judgment (ECF No. 71).* For the other items, Cibus argues they are nearly identical to items analyzed by the Court above for HCC's Summary Judgment Motion. (Resp. to Order 27–28.) The Court agrees, and no further action is necessary for these items. Consequently, the Court grants in part and denies in part HCC's Motion to Seal (ECF No. 74).

**CONCLUSION**

In light of the foregoing, the Court:

1. **GRANTS IN PART** and **DENIES IN PART** HCC's Motion to Seal (ECF No. 35);
2. **GRANTS** Cibus's Motion to Seal (ECF No. 41);
3. **GRANTS** Cibus's Motion to Seal (ECF No. 44);
4. **GRANTS IN PART** and **DENIES IN PART** HCC's Motion to Seal (ECF No. 54);

5.  **GRANTS** Cibus's Motion to Seal (ECF No. 57);

6.  **GRANTS IN PART** and **DENIES IN PART** HCC's Motion to Seal (ECF No. 64);

7.  **GRANTS** Cibus's Motion to Seal (ECF No. 66); and

8.  **GRANTS IN PART** and **DENIES IN PART** HCC's Motion to Seal (ECF No. 74).

The Court will not direct the Clerk to comb through the voluminous lodged filings to divide out the exhibits that should now be publicly filed. Rather, as identified in italics above, the Court **ORDERS** HCC to separate and file certain lodged exhibits publicly on the docket. HCC shall also file revised versions of the briefs discussed above. HCC shall do so no later than **October 18, 2021**. Finally, the Court directs the Clerk of Court to accept and file under seal all the lodged documents for these motions to seal. (ECF Nos. 36, 37, 42, 45, 55, 58, 65, 67, 75.)

**IT IS SO ORDERED.**

**DATED:** September 20, 2021

Hon. Cynthia Bashant
United States District Judge